IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 12 COMBINED FUNDS, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Civil Action No. 11-71E |
| MAINLINE MECHANICAL CONTRACTORS, INC., JANET MOSKE, CHARLENE SZYMANOWSKI, and MICHAEL SZYMANOWSKI, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## OPINION

Pending before the Court is Plaintiffs' "Motion For Default Judgment against Defendants, Mainline Mechanical Contractors, Inc., Janet Moske, Charlene Szymanowski and Michael Szymanowski" ("Plaintiffs' Motion for Default Judgment") [ECF #13]. Plaintiffs filed a Complaint against Defendants for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. ("WPCL") [ECF #1]. For the reasons set forth below, Plaintiffs' Motion for Default Judgment is granted.

I. **Legal Analysis.**

A. **Plaintiff's Request for Entry of Default.**

Federal Rule of Civil Procedure 55 outlines a two-step process for obtaining a default judgment. See Fed.R.Civ.P. 55. The first step is an entry of default. See Fed.R.Civ.P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Id. Typically the entry of default is a ministerial task performed by the Clerk of Court and no motion is needed and no order is involved. Plaintiffs requested entry of default against Defendants on September 1, 2011 [ECF #12] and default was entered by the Clerk of Court on September 2, 2011 [ECF #14].

### B. Plaintiffs' Request for Entry of Default Judgment.

Plaintiffs seek a default judgment in their favor and against Defendant Mainline Mechanical Contractors, Inc., in the amount of $13,444.01 for violation of Section 515 of ERISA, 29 U.S.C § 1145 and a default judgment in their favor and against Defendants Janet Moske, Charlene Szymanowski and Michael Szymanowski in the amount of $10,788.54 for violation of Section 3 of the Pennsylvania WPCL, 43 P.S. § 260.3. In support thereof, Plaintiffs' counsel filed both an "Affidavit in Support of Motion For Default Judgment against Defendants, Mainline Mechanical Contractors, Inc., Janet Moske, Charlene Szymanowski and Michael Szymanowski, Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure" [ECF #13-1] and an "Affidavit in Support of Damages and Attorneys' Fees" [ECF #13-2]

Fed.R.Civ.P. 55(b) is titled "Entering a Default Judgment" and states:

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it

2

needs to:

>   (A) conduct an accounting;
>   (B) determine the amount of damages;
>   (C) establish the truth of any allegation by evidence; or
>   (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(2).

After having reviewed the documents of record in this matter, the Court finds that none of the Defendants are either a minor or an incompetent and they are not in the military. We further find that the allegations in the Complaint, if taken as true, establish that we have subject matter jurisdiction over this litigation, *in personam* jurisdiction over the Defendants, and that the Complaint states a viable claim by Plaintiffs against Defendant Mainline Contractors, Inc. for violation of ERISA and a viable claim by Plaintiffs against Defendants Mainline Mechanical Contractors, Inc., Janet Moske, Charlene Szymanowski and Michael Szymanowski for violation of Pennsylvania's WPCL. Therefore, we will grant Plaintiffs' Motion for Default Judgment against all Defendants.

## II. Conclusion.

Plaintiff's Motion for Default Judgment against Defendants Mainline Mechanical Contractors, Inc., Janet Moske, Charlene Szymanowski and Michael Szymanowski is granted. An appropriate Order follows.

September 12, 2011

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

3